IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>NORTHEASTERN DIVISION</u>

**FILED**
MAR 22 2017
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) 5:17-cr-00049-AKK-TMP |
| | ) |
| **TOI GARTH** | ) |

### PLEA AGREEMENT

The Government and the defendant, TOI GARTH, hereby acknowledge the following plea agreement in this case:

### <u>PLEA</u>

The defendant agrees to plead guilty to COUNT ONE of the Information filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss **COUNT TWO** of the Information, subject to the conditions in paragraphs **IX** and **X**.

### <u>TERMS OF THE AGREEMENT</u>

### I. <u>MAXIMUM PUNISHMENT</u>

The defendant understands that the maximum statutory punishment that may be imposed for the crimes of Subscribing to a False Return in violation of Title 26,

Defendant's Initials _TG_

United States Code, Section 7206(1), as charged in COUNT ONE, is:

      a.     Imprisonment for not more than 3 years;

      b.     A fine of not more than $250,000, or,

      c.     Both (a and b);

      d.     Supervised release of not more than 1 year; and

      e.     Special Assessment Fee of $100 per count.

The defendant understands that the maximum statutory punishment that may be imposed for the crimes of Theft or Bribery in Programs Receiving Federal Funds in violation of Title 18, United States Code, Section 666(a)(1)(A), as charged in COUNT TWO, is:

      a.     Imprisonment for not more than 10 years;

      b.     A fine of not more than $250,000, or,

      c.     Both (a and b);

      d.     Supervised release of not more than 1 years; and

      e.     Special Assessment Fee of $100 per count.

## II. FACTUAL BASIS FOR PLEA

**The Government is prepared to prove, at a minimum, the following facts at the trial of this case:**

Defendant's Initials *TB*

The defendant Toi Garth, a resident of Madison, Alabama, during the years 2009 through 2012, then was employed by FPMI and embezzled from FPMI by using corporate credit cards for personal expenditures. She falsified invoices and supporting reimbursement documentation to hide her scheme, and knowingly failed to report the proceeds of her scheme on her 2009, 2010, 2011, and 2012 federal tax returns, filed under the name of William and Toi Garth.

Toi Garth willfully failed to report embezzlement income from her employer, FPMI, from her 2009, 2010, 2011, and 2012 tax returns. This was done in an attempt to evade her federal income tax liabilities on the embezzled income.

Toi Garth willfully underreported her income by $71,783.45 for 2009, $46,985.38 for 2010, $18,265.05 for 2011, and $5,396.75 for 2012 to the Internal Revenue Service.

The investigation of Toi Garth was initiated by the U.S. Secret Service after it had received information from Madison Police Department that Garth had embezzled from her former employer, FPMI Solutions Inc. (FPMI). FPMI provides a wide range of human resources, training and document management services to Federal Government agencies as well as commercial organizations both domestically and internationally. Garth was originally hired by FPMI as a Recruiter on March 28, 2005. She became the Director of Human Resources on

Defendant's Initials ___

November 18, 2006. She was also the Administrator of FPMI's corporate credit card program.

In July 2012, FPMI's controller, Thomas Freeman, was contacted by American Express and was made aware of the potential misuse of a corporate credit card held by Garth. As administrator of FPMI's corporate credit card program, Garth had issued an email on December 7, 2011, notifying employees that all American Express credit cards would be deactivated on December 9, 2011; since FPMI had chosen JP Morgan Chase as its new corporate credit card provider. Therefore, Garth should not have had an active corporate American Express credit card in her possession after December 9, 2011.

FPMI began a review of the charges made on Garth's American Express corporate credit card and the majority of charges appeared to be personal in nature and not valid or proper company expenses. Using this information, Clyde Blandford, FPMI executive Vice President, confronted Garth. Garth claimed that her daughter had made the charges without her knowledge or authorization. Blandford was very skeptical of Garth's response and placed Garth on a leave without pay status on August 16, 2012. Garth was eventually terminated on September 13, 2012 for gross misconduct.

Defendant's Initials _TG_

FPMI hired an outside firm, The Reznick Group, to do a full investigation into the misuse of the corporate credit card over a six-year period from 2006 to August 2012. The investigation conducted by the Reznick Group included an investigation of Garth's use of the following credit cards: American Express Personal Travel Corporate Credit Card, American Express Corporate Purchase Credit Card, Citizens Bank Corporate Credit Card, and JP Morgan Chase Personal Travel as well as direct reimbursements to Garth from expense reports.

Garth cooperated in the investigation. In an interview, Garth admitted to making unauthorized charges on the company credit card and had gone to the Madison Police Department in 2012 to turn herself in for embezzling from FPMI. Garth was provided with a spreadsheet for the years 2009 through 2012 for suspected misuse of credit card transactions. She reviewed the transactions and initialed those that she agreed were misuse of the credit card for personal gain. She was granted access to credit card records to refresh her memory if needed. She stated that the amounts initialed were embezzled amounts. These were charges that were not authorized by FPMI management and used for Garth's personal benefit.

Garth did not provide the preparer of her and her husband's tax return with any records or information concerning the embezzled amounts. Consequently, the

Defendant's Initials _TG_

return preparer did not include the embezzled amounts on Garth's Forms 1040 (U.S. Individual Income Tax Return) for 2009, 2010, 2011, 0r 2012. Garth knew that she had not provided the preparer of her return with complete and truthful records with which to prepare her tax returns. She knew specifically that the amounts she had embezzled from her employer should have been included on her returns and that these amounts had been intentionally omitted. Garth, nevertheless, made and subscribed to her tax returns for these years knowing they were materially false.

The amount of embezzled funds Garth underreported on Line 17 of her Individual Income Tax Returns for 2009, 2010, 2011, and 2012 were $71,783.45, $46,985.38, $18,265.05, and $5,396.75, respectively. Based on this underreporting of income, Garth has an additional tax due and owing for criminal purposes for those respective years of $22,092.00, $12,873.00, $4,566.00, and $885.00 for a total of $40,416.00.

Further, FPMI Solutions, Inc., is an organization receiving in each of the years subject to this investigation, federal benefits in excess of $10,000 each year, under various federal contracts, and the defendant Johnson did steal, embezzle, and intentionally misapply in excess of $5,000 per year that was under the care, custody, and control of FPMI Solutions, Inc.

Defendant's Initials _TG_

The Government and the Defendant agree that the total loss amount for the purposes of Guideline calculations is $142,430.63.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

_____
TOI GARTH

## III. COOPERATION BY THE DEFENDANT

**The defendant agrees to waive the Fifth Amendment privilege against self-incrimination and to provide TRUTHFUL AND COMPLETE INFORMATION to the government concerning all aspects of the charged crimes, including, but not limited to, the defendant's role and participation in the offenses, as well as the roles and the participation of all other persons involved in these crimes of whom the defendant has knowledge. The defendant agrees to testify against all of those individuals at any time requested by the government, including at any Grand Jury proceeding,**

Defendant's Initials _____

forfeiture proceeding, bond hearing, pretrial hearing, trial, retrial, or post-trial hearing. ALL SUCH INFORMATION AND TESTIMONY SHALL BE TRUTHFUL AND HONEST AND WITH NO KNOWING MATERIAL FALSE STATEMENTS OR OMISSIONS.

Further, the defendant agrees to provide assistance and cooperation to the government as defined and directed by the Internal Revenue Service Criminal Investigation or any other investigative agency or body as the United States Attorney for the Northern District of Alabama may authorize, which cooperation may include the defendant's periodic submission to a polygraph examination to determine the truthfulness and accuracy of the defendant's statements and information.

## IV. MOTION PURSUANT TO USSG § 5K1.1

In the event the defendant provides assistance that rises to the level of "substantial assistance," as that term is used in USSG § 5K1.1, the government agrees to file a motion requesting a downward departure in the calculation of the defendant's advisory guideline sentence. The defendant agrees that the determination of whether the defendant's conduct rises to the level of "substantial assistance" lies solely in the discretion of the United

Defendant's Initials *TL*

States Attorney's Office. Furthermore, the defendant agrees that the decision as to the degree or extent of the downward departure requested, if any, also lies in the sole discretion of the United States Attorney's Office.

Any motion pursuant to 5K1.1 will be filed before the defendant's sentencing hearing and will outline all material assistance which the defendant has provided. The defendant clearly understands and acknowledges that because the defendant's plea is being offered in accordance with Rule 11(c)(1)(B), Fed.R.Crim.P., the Court will not be bound by the government's recommendation and may choose not to reduce the sentence at all.

## V. RECOMMENDED SENTENCE

Subject to the limitations in paragraph X regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the Government, **in the absence of "substantial assistance" by the defendant**, will recommend the following disposition:

    (a)    That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

    (b)    That the defendant be remanded to the custody of the Bureau of

Defendant's Initials _TC_

Prisons and incarcerated for a term consistent with the low end of the advisory United States Sentencing Guideline range as that range is determined by the Court on the date that the sentence is pronounced;

(c) That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as set forth in U.S.S.G. § 5D1.3;

(d) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(e) That the defendant be required to pay restitution as ordered by the Court on the date sentence is pronounced; and

(f) That the defendant pay a special assessment fee of $200, said amount due and owing as of the date sentence is pronounced.

Defendant's Initials _TA_

## VI. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, TOI GARTH, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding the following:

(a) Any sentence imposed in excess of the applicable statutory maximum sentence(s);

(b) Any sentence imposed in excess of the guideline sentencing range determined by the Court at the time sentence is imposed; and

(c) Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application

Defendant's Initials *TG*

to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, TOI GARTH, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs and that I am knowingly and voluntarily entering into this waiver.

*/s/ Toi Garth*
TOI GARTH

## VII. UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant that, in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

Defendant's Initials _TG_

## VIII. AGREEMENT NOT BINDING ON THE COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant, that any sentence recommended by the government is **NOT BINDING UPON THE COURT**, and that the Court is not required to accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## IX. VOIDING OF AGREEMENT

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## X. SUBSEQUENT CONDUCT

Defendant's Initials ___

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraphs IV and V of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.**

## XI. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district or any other state or local authority.

## XII. COLLECTION OF FINANCIAL OBLIGATIONS

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant also will promptly submit a completed financial statement to

Defendant's Initials _LS_

the United States Attorney's Office in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court.

## XIII. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate

Defendant's Initials _____

victims related to those counts should there be any.

## XIV. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

The defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. The defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

Defendant's Initials ___

## XV. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of nineteen (19) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here (Write "N/A" if none):

Prescribed Medication

Defendant's Initials _[initials]_

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

3/21/17
DATE

*/s/ Toi Garth*
TOI GARTH
Defendant

## XVI. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

3/21/17
DATE

*/s/ Patrick Tuten*
PATRICK TUTEN, ESQ.

Defendant's Initials: *TG*

Defendant's Counsel

## XVII. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

ROBERT O. POSEY
Acting United States Attorney

3/22/17
DATE

DAVID H. ESTES
Assistant United States Attorney

Defendant's Initials _____